UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAROL SCOTT,

                    Plaintiff,

          -against-

PEPSICO, INC. SHORT TERM DISABILITY
PLAN and PEPSICO, INC. LONG TERM
DISABILITY PLAN,

                    Defendants.

Case No. 1:25-cv-03286 (JLR)
**ORDER OF DISMISSAL**

JENNIFER L. ROCHON, United States District Judge:

Plaintiff Carol Scott ("Plaintiff") filed this action on January 23, 2025, in the U.S. District Court for the Western District of North Carolina, seeking entitlement and payment of short- and long-term disability benefits by Defendants PepsiCo, Inc. Short Term Disability Plan and PepsiCo, Inc. Long Term Disability Plan ("Defendants"). *See* Dkt. 1. The case was transferred to this Court on April 21, 2025. *See* Dkt. 15. The Court set the matter down for an initial pretrial conference on May 14, 2025, Dkt. 16, but, on the parties' request, the Court later adjourned the conference to June 30, 2025, and set a briefing schedule for Defendants' motion to dismiss, Dkt. 19. Defendants filed the motion on May 20, 2025, Dkt. 21, but Plaintiff did not file any opposition, despite receiving an extension to do so, Dkt. 24.

On June 24, 2025, shortly after Plaintiff's extended filing deadline passed, Defendants represented to the Court that they had been informed that Plaintiff's attorney — Melissa Leila Louzri — was "no longer representing Plaintiff," and that Plaintiff "ha[d] gone MIA." Dkt. 26. The Court held an initial pretrial conference on June 30, 2025, and ordered Louzri to "provide an update on representation by July 7, 2025." *See* Dkt. 27-29. On July 22, 2025, Louzri moved to withdraw as counsel. Dkt. 33. By order dated July 23, 2025, the Court directed Louzri to "continue

to undertake efforts to contact Plaintiff" during the pendency of the motion, including by ensuring service of the order on Plaintiff.  Dkt. 35.  The Court also advised Plaintiff that "if she fails to appear in this action, her case may be dismissed for failure to prosecute."  *Id.*  On August 13, 2025, Louzri filed proof of service of the Court's July 23, 2025 Order on Plaintiff.  Dkt. 39.

On August 27, 2025, the Court held a hearing on the motion to withdraw at which Plaintiff was present.  The Court thereafter granted Louzri's motion to withdraw.  Dkt. 40.  During the hearing and in a written order afterwards, the Court directed Plaintiff to "obtain new counsel, or notify the Court if she intends to proceed *pro se*, by September 26, 2025," provided information about free legal services for *pro se* litigants, and advised Plaintiff that her "failure to provide a status update by September 26, 2025, or to otherwise prosecute this case may result in dismissal of this action for failure to prosecute under Federal Rule of Civil Procedure ('Rule') 41."  *Id.*  On September 8, 2025, Louzri filed proof of service of the Court's August 27, 2025 Order on Plaintiff. Dkt. 41.  As of today's date, Plaintiff has not provided a status update, indicated that she intends to pursue this action *pro se* or through counsel, or otherwise responded to the Court's August 27, 2025 Order.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order."  Fed. R. Civ. P. 41(b).  "Dismissal for lack of prosecution or for failure to comply with an order of the court is a matter committed to the discretion of the district court."  *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013).  Courts should consider the following factors when making this determination:  "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the

proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Here, Plaintiff has made no effort to prosecute this litigation since its transfer to this Court in April 2025. *See Caussade*, 293 F.R.D. at 629 (collecting cases where delays of "several months" warranted dismissal). Plaintiff was given notice on July 23, 2025, that this action may be dismissed if she failed to appear, and she was given notice again on August 27, 2025, that this action would be dismissed if she did not update the Court as to the status of her representation by September 26, 2025. Dkts. 35, 40. As of this date, Plaintiff has responded to the motion to dismiss or provided the Court with the required status update. And while "there is no specific evidence [i]n the record that additional delay will prejudice Defendant[s], '[p]rejudice to defendants resulting from unreasonable delay may be presumed.'" *Andretta v. City of New York*, No. 21-cv-05783 (LJL), 2022 WL 4237125, at *2 (S.D.N.Y. Sept. 14, 2022) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)). The Court has given Plaintiff ample opportunity to be heard, including by enlarging her time to oppose Defendants' motion to dismiss, requiring her outgoing counsel to serve copies of the Court's orders on her, and warning her multiple times that her failure to communicate with the Court would result in dismissal of her action. In light of Plaintiff's continued failure to communicate with the Court, despite these extensions and courtesies, dismissal is warranted over any lesser sanction.

The Court is in receipt of Defendants' letter seeking dismissal of this action with prejudice. Dkt. 42. However, the Court finds that dismissal without prejudice is a more appropriate sanction. This action has not significantly burdened the Court's docket, inasmuch as

the Court has not decided any substantive motions, scheduled or presided over any discovery, held any contested hearings, or set a trial schedule.  For the same reason, the prejudice to Defendants has been relatively minor.  *See, e.g.*, *Ortega v. Mutt*, No. 14-cv-09703 (JGK), 2017 WL 1133429, at *2 (S.D.N.Y. Mar. 24, 2017) (finding that, where any prejudice to the defendant was minor, "the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity" (internal quotation marks omitted)); *see* also 2 Moore's Federal Practice § 19.101 ("The alternative sanctions that the court should consider include . . . dismissal without prejudice . . . .").

Because the Court has not received any response from Plaintiff to its July 23, 2025 or August 27, 2025 Orders, including any indication that she intends to pursue this case, the instant action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).  The Clerk of Court is respectfully directed to terminate all pending motions and close the case.

Dated: October 14, 2025
        New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge